IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AMANDA CHAMBERLAIN
    Reg. No. 54101-177

    Petitioner,
v.                                        Case No. 5:21-cv-200/TKW/MAL

ACTING WARDEN NEELY

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case comes before the Court on a petition for writ of habeas corpus filed under Title 28, United States Code, Section 2241, a response in opposition, and Petitioner's replies. ECF Nos. 1, 12, 14, 16. The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). After review, I find that the petition must be denied because the Bureau of Prisons properly calculated and applied prior custody credit. Furthermore, to the extent Petitioner is seeking a sentence reduction, a habeas petition under 28 U.S.C. § 2241 is not the appropriate vehicle for seeking relief.

**Background**

Petitioner Amanda Chamberlain is a federal prisoner serving a 180-month term of imprisonment after her conviction for conspiracy to possess with intent to distribute a controlled substance in the United States District Court for the Northern District of Texas Case No. 4:16cr132-A(03). ECF No. 14 at 2. The judgment in the federal case reflects that Petitioner's sentence is to run concurrently with the term of imprisonment in Tarrant County Texas Case No. 1404000D, and she "shall receive credit on her 180-month sentence for any time already served on that sentence." *Id*. Petitioner filed the instant petition in the United States District Court for the Northern District of Texas, which transferred the petition to this Court, the district of Petitioner's confinement.

In the petition, Petitioner is seeking approximately 467 days of prior custody credit from September 11, 2015 (the date of her most recent arrest before sentencing in Tarrant County Texas Case No. 1404000D) until December 23, 2016 (the date she was sentenced in her federal case). Respondent filed a reply that included a thorough audit of Petitioner's sentence computation. The audit shows Petitioner's sentence was correctly calculated by the Bureau of Prisons (BOP). In her reply, Petitioner concedes that the BOP cannot grant additional prior custody credit to her.

ECF No. 14 at 1. She states, however, that the credit can "be given to her by a federal Judge in the form of a sentence reduction for the same amount of time." Id.

## **Prior Custody Credit**

Jon McEvoy, Management Analyst for the BOP's Designation and Sentence Computation Center, completed the audit of Petitioner's prior custody credit. ECF No. 12-1 at 1-4.

Petitioner's relevant history, as reported by Mr. McEvoy is as follows:

1. On May 2, 2014, Petitioner was arrested by Arlington Police Department Officers for Distribution of Controlled Substance, Case No. 1368856. Petitioner was released from custody on June 5, 2014 after the case was dismissed. ECF No. 12-1 at 15, ¶ 7.

2. On February 18, 2015, Petitioner was arrested by a Tarrant County Constable for Possession with Intent to Deliver a Controlled Substance (Methamphetamine), Case No. 1404000D. She was released after posting bond on February 27, 2015. ECF No. 12-1, at 16, ¶ 16 & at 21, ¶43; ECF No. 12-1 at 36.

3. On March 19, 2015, Petitioner was arrested by the Fort Worth Police Department for Unlawful Possession of a Firearm by a Felon. On March 20, 2015, the charge was dismissed, and Petitioner was released from custody. ECF No. 12-1 at 17, ¶ 17, & at 22, ¶ 49, ECF No. 12-1 at 36.

4. On September 11. 2015, Petitioner was arrested by Arlington Police Department for Unlawfully Carrying a Weapon in Case Number 1429050. On November 20, 2015, the case was dismissed due to the conviction in Case Number 140400D in Tarrant County District Court. ECF No. 12-1 at 23, ¶ 50, ECF No. 12-1 at 36.

5. On November 20, 2015, Petitioner was sentenced to six years imprisonment in Tarrant County Case 1404000D. ECF No. 12-1 at 17, ¶ 19; ECF No. 12-1 at 38-39.

6. On April 16, 2016, Petitioner was temporarily removed from state custody via Federal Writ of Habeas Corpus Ad Prosequendum to face pending federal drug charges in N.D. Tex. Case 4:16-cr-132A(03). ECF No. 12-1 at 44-45.

7. On December 23, 2016, Petitioner's federal sentence was imposed. ECF No. 12-1 at 48-51.

8. On January 12, 2017, the United States Marshals returned Petitioner to the custody of the Tarrant County Department of Corrections. ECF No. 12-1 at 44-46.

9. On September 1, 2017, Petitioner completed her state sentence in Case 1404000D and became exclusive federal custody. ECF No. 12-1 at 54.

The audit shows Petitioner received credit for four time periods identified in paragraphs A through D below:

A. May 2, 2014 through June 5, 2014 for time spent in jail on dismissed charges in Case No. 1368856;

B. February 18 through February 27, 2015 for time spent in jail prior to sentencing for Case 1404000D;

C. March 19 through March 20, 2015 for time spent in jail for dismissed charges; and

D. September 11, 2015 through November 19, 2015 for time spent in jail on Case 1429050, which was dismissed when Petitioner was sentenced in Case 1404000D.

*See* ECF No. 12-1 at 2, ¶ 10 (misnumbered as ¶ 7).

As an initial matter, prior custody credit is governed by Title 18, United States Code, Section 3585(b), which states in pertinent part that a "defendant shall be given credit toward the service of a term of imprisonment for any time he/she has spent in official detention prior to the date the sentence commences, **that has not been credited against another sentence.**" 18 U.S.C.§ 3585(b) (emphasis added). Under this provision, Petitioner was awarded prior custody credit for time periods A and C. Those periods represent time that Petitioner spent in jail for charges that were dismissed and therefore had not been credited against another sentence.

Additionally, the BOP awarded Petitioner credit for time periods B and D using BOP Program Statement 5880.28. Even though Petitioner received credit for time served toward her sentence in Tarrant County Texas Case No. 1404000D,[1] Petitioner was entitled to receive this credit because her federal sentence was ordered to run concurrent with Tarrant County Texas Case No. 1404000D.

BOP Program Statement 5880.28 provides in relevant part that in the event of concurrent federal and non-federal sentences, if the Raw EFT (Expiration Full Term) of the non-federal term is equal to or less than the Raw EFT of the federal sentence, prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the

---

[1] *See* Judgment, Tarrant County Texas Case No. 1404000D, ECF No. 12-1 at 38.

first sentence begins to run, federal or non-federal. These time credits are known as *Willis* time credits (s*ee Willis v. United States*, 438 F.2d 923 (5th Cir. 1971)).[2] BOP Prog. Statement 5880.28 at 54-55; ECF No. 12-1 at 62-63.

It is important to note that *Willis* time credits only apply to presentence credit. Thus, since Petitioner was sentenced in Tarrant County Case 1404000D on November 20, 2015[3] and began serving her state sentence on that date, her *Willis* time credits cannot extend past her last day in presentence custody on November 19, 2015. S*ee Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971) ("Clearly Willis is not entitled to credit for the period of December 10 to December 30 or 31, 1968. During that time he was actually serving his state sentence for offenses unrelated to the federal charges.").

To the extent Petitioner seeks presentence credit from April 16, 2016 (when she was temporarily removed from state custody by the Federal Writ of Habeas Corpus Ad Prosequendum) to December 23, 2016 (when the federal sentence was imposed), Petitioner is not entitled to such credit. BOP Program Statement 5880.28 provides in part "time spent in custody under a Writ of Habeas Corpus from non-

---

[2] Conversely, if the non-federal Raw EFT is greater than the federal Raw EFT, and if the non-federal Raw EFT, after application of qualified non-federal pre-sentence time, is reduced to a date earlier than the federal Raw EFT, then a *Kayfez* situation exists (*see Kayfez v. Gasele,* 993 F. 2d 1288, (7th Cir. 1993)). BOP Prog. Statement 5880.28 at 56-57; ECF No. 12-1 at 64-65.

[3] *See* ECF No. 12-1 at 17, ¶ 19; ECF No. 12-1 at 38-39

federal custody will not in and of itself be considered for the purpose of crediting presentence time." This is because the federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody. *See* ECF No. 12-1 at 4, 73.

McEvoy concludes that Petitioner's sentence has been properly computed in accordance with Federal Statutes and BOP Program Statements. ECF No. 12-1 at 4. In her reply, Petitioner does not dispute this conclusion. She says "I understand by law the BOP cannot grant me the time credit [the sentencing court] ordered I be given." ECF No. 14 at 1. Petitioner goes on to say that the credit "can, however, be given to me by a federal judge in the form of a sentence reduction for the same amount of time." *Id.* In her second reply, she also notes that her sentencing judge only ordered that she receive credit but did not apply it. ECF No. 16 at 1.

## **Sentence Reduction**

To the extent Petitioner is requesting this Court grant her a sentence reduction to give her *de facto* credit for time served for Tarrant County Texas Case No. 1404000D before her federal sentencing, a habeas corpus petition under Title 28, United States Code, Section 2241, is not the appropriate vehicle for seeking such relief. *See Coloma v. Holder*, 445 F.3d 1282, 1285 n.4 (11th Cir. 2006) (reexamination of a sentence is appropriate for a petition under 28 U.S.C. § 2255 but not habeas petition under 28 U.S.C. § 2241): *Garret v. Snyder*, 41 Fed. App'x 756

(6th Cir. 20002) (same). Rather, such a claim should be presented to the sentencing court, for instance in a motion under 28 U.S.C. § 2255. Petitioner gives no indication that the remedy provided by § 2255 is inadequate or ineffective so as to allow her to proceed under § 2241.

Accordingly, it is respectfully RECOMMENDED:

1. The petition under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED and DISMISSED.**

2. The clerk be directed to close the file.

At Gainesville, Florida on April 6, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.