UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AMANDA CHAMBERLAIN,

    Petitioner,

v.                            Case No. 5:21-cv-200-TKW-MAL

ACTING WARDEN NEELY,

    Respondent.
_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 18) and Petitioner's objection (Doc. 19). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that Petitioner is not entitled to any relief in this case.

The Court did not overlook Petitioner's argument that the sentencing court intended for her to receive credit on her federal sentence for the 398 days she served on her state sentence between November 20, 2015, and December 23, 2016, because her judgment stated that her federal sentence was to run concurrent with her state sentence and that she was also to "receive credit on her 180 month [federal] sentence for any time served on [her state] sentence" (emphasis added). However, the

problem with that argument is that Bureau of Prisons (BOP) does not have the authority to award such credit because under 18 U.S.C. §3585(b), BOP can only give a defendant credit on her current sentence for time that "has not been credited against another sentence" and the time for which Petitioner is seeking credit against her federal sentence was also credited against her state sentence.

That said, based on the language in the judgment, it appears that the sentencing court may have intended for Petitioner's federal sentence to be 180 months less the time (398 days) she had already served on her state sentence.[1] But, if that was the sentencing court's intent, it could not accomplish it by "crediting" the time served on the state sentence against the federal sentence because that would contravene §3585(b). And, even if a sentencing court instructs BOP to "credit" a defendant for time in violation of §3585(b), BOP has no obligation or authority to comply with that order. *See Smith v. McConnell*, 950 F.3d 285, 288 (5th Cir. 2020).

The sentencing court could have accounted for the time that Petitioner already served on her concurrent state sentence by "adjusting" the length of her federal sentence under U.S.S.G. §5G1.3(b). *Id.*; *see also United States v. Brannon*, 377 F. Supp. 2d 667, 670 (E.D. Wis. 2005) (explaining that a U.S.S.G. §5G1.3

---

[1] On the other hand, because Petitioner's guideline range was 210 to 262 months, it is possible that the sentencing judge explained at the sentencing hearing or in the statement of reasons that the 180-month sentence he imposed already accounted for the 398 days that Petitioner served on her state case at the time of sentencing and that her federal sentence would have been 398 days longer but for the judge's determination that her total sentence should be 180 months.

2

"adjustment," which the court controls, is not the same as a §3585(b) "credit," which BOP controls). However, that adjustment cannot be made by BOP or this Court, and because §3585(b) is precluding BOP from effectuating the sentencing Court's intent, Petitioner's remedy is to seek relief from the sentencing court, not through a §2241 habeas petition.[2]

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Petitioner's §2241 habeas petition (Doc. 1) is **DENIED** without prejudice to Petitioner seeking any available relief from the sentencing court.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 24th day of April, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

---

[2] The magistrate judge suggested that a §2255 petition may be the appropriate remedy, but the case attached to Petitioner's objection—*United States v. Singleton*, 2022 U.S. Dist. LEXIS 71065 (N.D. Ohio Apr. 18, 2022)—suggests that a motion under Fed. R. Crim. P. 36 may also be a viable remedy. *See also Robertson v. Werlich*, 667 F. App'x 853, 854 n.3 (5th Cir. 2016) (explaining that Rule 36 can be used to correct "a discrepancy between an oral statement at a sentencing hearing and the written judgment"). The Court expresses no view on the merits of such a motion.